**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | NO. 2:13-CR-78 |
| | ) | 2:14-CV-327 |
| GEORGE JAMES BLACK, | ) | |
| | ) | |
| Defendant/Petitioner. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Motion Under 28 U.S.C. Section 2255 To Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody, filed by George James Black on September 8, 2014 (DE #26). For the reasons set forth below, the section 2255 motion is **DENIED** without hearing. The Clerk is **ORDERED** to **DISMISS** this case **WITH PREJUDICE**. The Clerk is **ORDERED** to distribute a copy of this order to George James Black, #12653-027, Greenville FCI, Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 5000, Greenville, IL 62246, or to such other more current address that may be on file for the Defendant. Further, this Court declines to issue Defendant a certificate of appealability.

BACKGROUND

On June 7, 2013, an Information was filed against Defendant, George James Black ("Black"). Black was charged with possession of a stolen firearm in violation of 18 U.S.C. § 922(j). Black entered

into a plea agreement with the Government, and the agreement was filed with this Court on June 7, 2013. (DE #3). In it, Black agreed to plead guilty as charged. (*Id.*, ¶ 7). The Government and Black also reached certain agreements that were not binding on the Court. (*Id.*). Specifically, they agreed that, "a sentence at the statutory maximum term of ten (10) years imprisonment is a reasonable, fair, and appropriate sentence taking into consideration all circumstances, and that I will be sentenced to a term of imprisonment of ten (10) years, the statutory maximum term of imprisonment." (*Id.,* ¶ 7(c)(ii)). Additionally, they agreed that if Black continued to accept responsibility for his criminal conduct, he should receive a two point, and if eligible, an additional one point reduction in his Guideline offense level. (*Id.*, ¶ 7(c)(i)). The Government also agreed not to file any additional charges against Black arising out of and known to the Government as a result of its investigation. (*Id.*, ¶ 7(c)(iii)). This provision specifically referenced "violations of Title 18 U.S.C. Section 1512 (Obstruction of Justice/Witness Tampering/Retaliating Against a Witness)." (*Id.*).

In exchange for these benefits, the plea agreement contained the following wavier:

> I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed; I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any

>sentence within the statutory maximum set for my offense as set forth in this plea agreement; with this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and my sentence imposed or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, Unites States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, Unites States Code, Section 2255[.]

(*Id.*, ¶ 7(d)).

Further, Black agreed that his attorney had "done all that anyone could do to counsel and assist [him]," that he was offering his guilty plea "freely and voluntarily and of [his] own accord," that "no promises [had] been made to [him] other than those contained in [the] agreement," and that he had not been "threatened in any way by anyone to cause [him] to plead guilty in accordance with [the] agreement." (*Id.*, ¶¶ 10-11).

This Court held a change of plea hearing on August 9, 2013. (DE #11).[1]  When asked whether he was "fully satisfied with the counsel, representation, and advice given to [him] in this case by Ms. Prasad and Ms. Soble as [his] attorneys," Black replied "yes." After Black read through paragraph 7 of his plea agreement, the

---

[1] No party has requested a transcript of this hearing. The Court has reviewed a rough copy provided by the court reporter.

3

Court asked him whether he read it previously, understood it, agreed with it, and was asking the Court to approve it. Black answered yes to each of these questions. Black acknowledged repeatedly that he agreed with the individual and collective terms of the plea agreement and confirmed that he wanted to plead guilty under the agreement.

The Court informed Black that for Count One, "the most that you could get would be ten years in jail, a fine of up to $250,000, or a combination of both of those, up to three years of supervised release and a $100 special assessment," and Black answered that he understood. Additionally, the Court advised Black that the least he could get would be probation, no fine, and no supervised release, but that he would still have the $100 special assessment. Black again indicated that he understood.

The Court also confirmed that Black understood that the Court would ultimately decide his sentence and that neither the Government's recommendations nor the Guidelines were binding. This included clear notification that the Government's recommendation that Black be sentenced to a term of imprisonment of 10 years was not binding on the Court.

During the hearing, this Court questioned Black extensively about his voluntary waiver of his right to appeal, including the following excerpt from that colloquy:

> Q: Okay. Let's go on to subparagraph D. That deals with appeals, Mr. Black. Do you

understand that in all criminal cases a defendant has a right to appeal his conviction and/or sentence in a case?

A: Yes.

Q: In this case, you have acknowledged that I have the jurisdiction and authority to sentence you up to the maximum provided for by the statute. Remember you and I talked about that before. That was that ten years in jail, a fine of up to $250,000 or a combination of both of those, up to three years of supervised release and a $100 special assessment. Do you understand that?

A: Yes.

Q: What you're basically doing in this paragraph, Mr. Black, is you're giving up all of your rights to an appeal, either the manner in which you were found guilty or the sentence that you received. Do you understand that?

A: Yes.

Q: There's some you can't give up, not very many though. One of those is jurisdiction. Do you understand that?

A: Yes.

Q: Down the road if you don't like the sentence that I give you, you're not going to be able to tell Ms. Soble you want to appeal because you will have given it up. Do you understand that?

A: Yes.

Q: And you understand that once you agree to this you can't go back and tell me you changed your mind, you want to decide to appeal now?

A: Yes.

Q: You understand that the government is not giving up their rights to an appeal?

5

> A: Yes.
>
> Q: And you understand that this includes incompetence of counsel except as it relates to this waiver of indictment - - waiver of appeal and/or its negotiation?
>
> A: Yes.
>
> Q: You sure this is what you want to do?
>
> A: Yes.
>
> Q: You talk to your attorney before making the decision?
>
> A: Yes.
>
> Q: She answer all of your questions?
>
> A: Yes.
>
> Q: Have any questions for the Court?
>
> A: No.
>
> Q: Are you making this decision knowingly and voluntarily?
>
> A: Yes.
>
> Q: And are you asking me to approve it as part of the plea agreement?
>
> A: Yes.

On November 14, 2013, the Court sentenced Black. (DE #23). There were two objections to the Guideline calculation set forth in the Presentence Report (*see* DE #17). Black objected to the application of an enhancement for obstruction of justice and the denial of acceptance of responsibility. (*Id.*). The Court overruled the objections. The Government recommended a sentence of

6

10 years as agreed to in the plea agreement. This Court sentenced Black to imprisonment for 120 months. (DE ## 23-24). Judgment was entered on November 18, 2013. (DE #24). Black did not appeal his sentence.

Black filed the instant motion under section 2255 on September 8, 2014, setting forth several arguments, as follows: (1) that the Government breached the plea agreement when they admitted a letter Black sent to his former employer at sentencing to demonstrate obstruction of justice; (2) that his counsel was ineffective for failing to object to the letter and failing to withdraw his plea agreement after the Government breached the plea agreement by introducing the letter into evidence; (3) that his counsel was ineffective for failing to object to the obstruction of justice enhancement under U.S.S.G. § 3C1.1; and (4) this Court erred by imposing an obstruction of justice enhancement under U.S.S.G. § 3C1.1 and denying Black acceptance of responsibility. (DE #27). In response, the Government contends that all of Black's arguments were waived, and even if they were not waived, they fail on the merits. (DE #32). This motion is fully briefed and ripe for adjudication.

## DISCUSSION

Habeas corpus relief under 28 U.S.C. section 2255 is reserved for "extraordinary situations." *Prewitt v. United States*, 83 F.3d

7

812, 816 (7th Cir. 1996). In order to proceed on a habeas corpus motion pursuant to 28 U.S.C. section 2255, a federal prisoner must show that the district court sentenced him in violation of the Constitution or laws of the United States, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. *Id.*

A section 2255 motion is neither a substitute for nor recapitulation of a direct appeal. *Id.*; *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994). As a result:

> [T]here are three types of issues that a section 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal.

*Belford*, 975 F.2d at 313. Additionally, aside from demonstrating "cause" and "prejudice" from the failure to raise constitutional errors on direct appeal, a section 2255 petitioner may alternatively pursue such errors after demonstrating that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice. *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996).

In assessing Black's motion, the Court is mindful of the well-settled principle that, when interpreting a pro se petitioner's complaint or section 2255 motion, district courts have a "special responsibility" to construe such pleadings liberally. *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (a "pro se complaint, 'however inartfully pleaded' must be held to 'less stringent standards than formal pleadings drafted by lawyers'") (quoting *Haines v. Kerner*, 404 U.S. 519 (1972)); *Brown v. Roe*, 279 F.3d 742, 746 (9th Cir. 2002) ("pro se habeas petitioners are to be afforded 'the benefit of any doubt'") (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). In other words:

> The mandated liberal construction afforded to pro se pleadings "means that if the court can reasonably read the pleadings to state a valid claim on which the [petitioner] could prevail, it should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."

*Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) (habeas petition from state court conviction) (alterations in original) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). On the other hand, "a district court should not 'assume the role of advocate for the pro se litigant' and may 'not rewrite a petition to include claims that were never presented.'" *Id.* Here, the Court assessed Black's claims with these guidelines in mind.

9

Waiver

The Seventh Circuit has recognized the validity of plea agreement waivers and will enforce the waiver unless there is a claim that the waiver was entered into involuntarily or that the waiver was a result of the ineffective assistance of counsel during the negotiation of the waiver. In *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999), the Seventh Circuit held that only two claims could be raised on a section 2255 motion by an individual who waived his right to appeal: (1) the defendant received ineffective assistance of counsel in negotiating the waiver; or (2) that the waiver was not knowingly and voluntarily made. *Jones* stated that courts should be:

> [m]indful of the limited reach of this holding, we reiterate that waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver.

*Id.* at 1145. In *Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000), the Seventh Circuit applied its holding in *Jones* to bar an ineffective assistance of counsel claim that related only to the petitioner's performance with respect to sentencing. The Court found that "[b]ecause the challenge has nothing to do with the issue of a deficient negotiation of the waiver, [petitioner] has waived his right to seek post-conviction relief." *Id.* Additionally, the Court stated that the following analysis should

be considered in determining whether a claim has been waived:

> can the petitioner establish that the waiver was not knowingly or voluntarily made, and/or can he demonstrate ineffective assistance of counsel with respect to the negotiation of the waiver?

*Id.*

It is undisputed that in his plea agreement, Black waived his right to appeal or contest his conviction and sentence "to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under . . . Title 28, United States Code, Section 2255." (DE #3, ¶7(d)).

This Court is satisfied that Black knowingly and intelligently waived his right to seek post-conviction relief. *See, e.g., United States v. Davis*, 348 F. Supp. 2d 964, 966 (N.D. Ind. 2004) (finding, under a similar section 2255 waiver, that defendant knowingly and intelligently waived his right to file a section 2255 motion). To the extent that Black now argues to the contrary, "[s]elf-serving statements offered after the plea hearing generally fall in the face of contradictory voluntary statements made by the defendant during a plea hearing - the latter are presumed to be true." *United States v. Mosley*, No. 93-1829, 1994 WL 503016, at *3 (7th Cir. Sept. 14, 1994) (citing, *inter alia, United States v. Scott*, 929 F.2d 313, 315 (7th Cir. 1991) ("To allow [defendant] to

11

withdraw his plea because of secret expectations that he harbored in the face of his directly contradictory sworn testimony would undermine the strong societal interest in the finality of guilty pleas.")). As set forth by the Court earlier in this opinion, Black repeatedly testified during his hearing that he was satisfied with his counsel's performance, that he was knowingly and voluntarily pleading guilty, and that he understood the charges against him and the possible sentence he was facing. As such, the Court is satisfied that he knowingly and intelligently entered into the plea agreement.

Furthermore, none of Black's claims of ineffective assistance relate directly to the waiver or its negotiation. Instead, his claims relate exclusively to the promises the Government made as part of the plea agreement, and Black's contention that the Government breached those promises, that his counsel was ineffective following that breach, and that this Court erred in calculating his guidelines by finding that he both obstructed justice and failed to accept responsibility for his crime. Accordingly, each and every one of Black's arguments are waived.

Black's Claims Fail on the Merits

Each of Black's arguments depend on his assumption that the plea agreement he signed prevented the Government from pursuing and/or the Court from imposing penalties for obstruction of

justice.[2] Black, however, has produced no evidence that the Government breached the plea agreement. The Government only agreed not to bring additional charges. They did not bring additional charges. Nothing in the plea agreement precluded the Government from arguing in favor of a sentencing enhancement based on obstruction of justice. Furthermore, Black received the sentence that he and the Government agreed was fair and reasonable under the circumstances.

Black argues that his counsel was ineffective for failing to object to the admission of the threatening letter, but counsel did object to the Court's reliance on the letters. He also argues that counsel was ineffective for failing to withdraw the plea agreement following the Government breach. The Government, however, did not breach the plea agreement, and counsel cannot be deemed ineffective for failing to seek to withdraw the plea agreement on that basis. Black also argues that counsel was ineffective for failing to object to the obstruction enhancement, but counsel did object.

Finally, Black has produced no evidence that this Court committed clear error when it determined that an enhancement was warranted for obstruction of justice and that Black was not entitled to acceptance of responsibility. Furthermore, because the Government and Black agreed that a sentence of 10 years was

---

[2] This includes his arguments regarding acceptance of responsibility, because the obstruction provided the basis for denial of acceptance of responsibility.

reasonable, fair, and appropriate, and the Court imposed the sentence that the parties agreed upon, any error was harmless.

Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a defendant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the motion should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted).

For the reasons set forth above, Black has not stated any grounds for relief under section 2255. The Court finds no basis for a determination that reasonable jurists would find this decision debatable or incorrect or that the issues deserve encouragement to proceed further. Therefore, a certificate of appealability will not be issued.

CONCLUSION

For the aforementioned reasons, Black's section 2255 motion is **DENIED** without a hearing. The Clerk is **ORDERED** to **DISMISS** this case **WITH PREJUDICE**. The Clerk is **ORDERED** to distribute a copy of this order to George James Black, #12653-027, Greenville FCI, Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 5000, Greenville, IL 62246, or to such other more current address that may be on file for the Petitioner. Further, this Court declines to issue Defendant a certificate of appealability.

**DATED: February 17, 2016**         /s/ RUDY LOZANO, Judge
                                     **United States District Court**